# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------x
:
In re : Chapter 11
:
MPC COMPUTERS, LLC, *et al.*,[1] : Case No. 08-12667 (PJW)
:
    Debtors. : (Jointly Administered)
----------------------------------------------------------------------x
:
THE OFFICIAL COMMITTEE OF UNSECURED :
CREDITORS OF MPC COMPUTERS, LLC, *et al.*, :
:
:
    Plaintiff, :
:
    - against - : Adv. Proc. No. 10-    (PJW)
:
RIVERSIDE TECHNOLOGIES INC., :
:
    Defendant. :
----------------------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS, RECOVER DAMAGES FOR DEFENDANT'S BREACH OF CONTRACT, AND DIRECT THE TURNOVER OF PROPERTY TO THE DEBTORS' ESTATES

Plaintiff, the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of MPC Computers, LLC, *et al.*, (collectively, the "*Debtors*"), by and through their co-counsel, Hahn & Hessen LLP and Drinker Biddle & Reath LLP, hereby files this *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers, Recover Damages for Defendant's Breach of Contract, and Direct the Turnover of Property to the Debtors' Estates* and, in support thereof, states:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are MPC Computers, LLC (6916); MPC Corporation (7562); GTG PC Holdings, LLC (6899); MPC-G, LLC (8015); MPC Solutions Sales, LLC (0213); MPC-Pro, LLC (3132) ("MPC-Pro"); Gateway Companies, Inc. (1398); Gateway Pro Partners, LLC (9747); and Gateway Professional, LLC (8881).

## NATURE OF THE ACTION

1. This is an adversary proceeding brought in the above-captioned bankruptcy cases pursuant to Part VII of the Bankruptcy Rules seeking to (a) avoid certain preferential and/or fraudulent transfers made by the Debtors to the above-captioned defendant (the "*Defendant*") and to recover the value thereof, pursuant to 11 U.S.C. (the "*Bankruptcy Code*") §§ 547, 548, 550 and 551; (b) recover damages from Defendant's breach of contract; and (c) direct the turnover of property of the Debtors' estates pursuant to Bankruptcy Code § 542.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6. On November 6, 2008 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*").

7. On November 21, 2008, the Office of the United States Trustee formed the Committee.

8. On October 12, 2010, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, appoints the Committee as a representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling (i) certain causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court and (ii) certain causes actions for the collection of unpaid accounts receivables (the "*Receivables Actions*").

9. On October 21, 2010, the Court entered an order approving the Stipulation.

10. Defendant is a corporation or other legal entity who sold goods to, or performed services for, the Debtors prior to the Petition Date.

## **THE TRANSFERS**

11. On or within 90 days prior to the Petition Date (the "*Preference Period*"), one of the Debtors made one or more transfer to or for the benefit of Defendant as set forth on Exhibit "A" annexed hereto.

12. Exhibit "A" reflects the Plaintiff's present knowledge of the transfers made to the Defendant by the Debtors during the Preference Period. During the course of this proceeding the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtors to the Defendant during the Preference Period. The Plaintiff is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not. Collectively, all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit "A" hereto or not) are referred to herein as the "*Transfers*".

13. On or about October 14, 2010, the Committee sent a letter to Defendant (the "*Demand Letter*") demanding the return of the Transfers to Plaintiff. As of the date hereof, Defendant has not returned the Transfers to Plaintiff.

## THE OPEN ACCOUNT RECEIVABLE BALANCE

14. Prior to the Petition Date, the Defendant placed orders with one or more of the Debtors for goods.

15. Despite demand for payment, Defendant has failed to make full and timely payment for goods totaling $ 39,937.32 (the "*Unpaid Invoices*") which were delivered to the Defendant by the Debtors. Attached as Exhibit "B" is a summary chart reflecting the amounts due on the Unpaid Invoices.

16. As of November 1, 2010, the Unpaid Invoices were at least 120 days past due.

## FIRST CAUSE OF ACTION
### (Preference Claim Against Defendant)

17. The Plaintiff repeats and realleges paragraphs "1" through "13" hereof as if fully set forth herein.

18. The Transfers were made within 90 days prior to the Petition Date.

19. The Transfers were transfers of an interest of one or more of the Debtors in property.

20. The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors.

21. Upon information and belief, the Transfers were made for or on account of antecedent debts owed to Defendant by one or more of the Debtors before such Transfers were made.

4

22. The Transfers were made while the Debtors were insolvent.

23. The Transfers enabled Defendant to receive more than Defendant would receive if: (i) the Chapter 11 Cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

24. The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## SECOND CAUSE OF ACTION
### (Fraudulent Transfer Claim Against Defendant)

25. The Plaintiff pleads this Second Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "13" and "17" through "24" above as if fully set forth herein. Plaintiff brings this Second Cause of Action in the event that Defendant asserts that (i) one or more of the Transfers was made on behalf of a Debtor other than the Debtor that owed the corresponding antecedent debt and/or (ii) one or more of the Transfers was a pre-payment and not on account of antecedent debt.

26. The Transfers constitute transfers of an interest of the transferring Debtor(s) in property.

27. The transferring Debtor(s) received less than a reasonably equivalent value in exchange for the Transfers.

28. The transferring Debtor(s) (i) were insolvent on the date that the Transfers were made, or became insolvent as a result of such Transfers; (ii) were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the transferring Debtor(s) was an unreasonably small capital, or (iii) intended to

incur, or believed that they would incur, debts that would be beyond the transferring Debtor(s)'s ability to pay as such debts matured.

29. The Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## THIRD CAUSE OF ACTION
### (Breach of Contract Claim Against the Defendant)

30. The Committee restates and realleges the allegations of paragraphs "1" through "10" and "14" through "16" above as if fully set forth herein.

31. The Defendant is a party to contracts for the sale of goods and has breached its obligations thereunder by failing to remit payment to the Debtors' estates for goods ordered and received.

32. The Defendant placed orders with one or more of the Debtors in the amount of the Unpaid Invoices for which Defendant has failed to make payment.

33. By reason thereof, the Committee requests a judgment be entered against the Defendant in an amount not less than $39,937.32 for the amounts due and outstanding to the Debtors' estates.

## FOURTH CAUSE OF ACTION
### (Turnover Claim Against the Defendant)

34. The Committee restates and realleges the allegations of paragraphs "1" through "10" and "14" through "16" above as if fully set forth herein.

35. The Defendant owed debts to the Debtors' estates pursuant to the Unpaid Invoices.

36. The amounts owed pursuant to the Unpaid Invoices are property of the Debtors' estates.

37. All or part of the sums due and owing from the Defendant to the Debtors constitute property of the Debtors' respective estates, which Defendant is required to turnover to the Debtors pursuant to Section 542(b) of the Bankruptcy Code.

## FIFTH CAUSE OF ACTION
### (Disallowance of Defendant's Proof of Claim or Scheduled Claim)

38. The Plaintiff restates and realleges the allegations of paragraphs "1" through "37" above as if fully set forth herein.

39. The Defendant is an entity from which property is recoverable either under section 542 of the Bankruptcy Code or under section 550 of the Bankruptcy Code as a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

40. The Defendant has not paid the amount, or turned over such property, for which Defendant is liable under sections 542 or 550 of the Bankruptcy Code.

41. To the extent that Defendant currently possesses filed or scheduled claims against the Debtors, whether pre-petition or administrative (collectively, the "*Claims*"), the Claims should be disallowed until the Transfers are repaid in full to Plaintiff pursuant to section 502(d) of the Bankruptcy Code.

**WHEREFORE,** for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A. That the Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against the Defendant, in an amount at least $282,033.18 (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtors to the Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C. That judgment be entered in favor of the Committee and against the Defendant in amount of $39,937.32;

D. That any Claims be disallowed until the Transfers and Unpaid Invoices are repaid to the Debtors pursuant to 11 U.S.C. § 502(d); and

E. That the Plaintiff be granted such other and further relief as is just and proper.

Dated: November 5, 2010
Wilmington, Delaware

**DRINKER BIDDLE & REATH LLP**

/s/ David P. Primack
David P. Primack (No. 4449)
1100 N. Market Street
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Mark S. Indelicato, Esq.
Edward L. Schnitzer, Esq.
Joseph Orbach, Esq.
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel for the Committee*